IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Gabriella M. Covington, as Personal Representative of the Estate of Mary Alice Covington, deceased,<br><br>Plaintiff,<br><br>v.<br><br>Susan H. Hancock and Transamerica Life Insurance Company,<br><br>Defendants. | Civil Action No. 2:23-cv-05266-BHH<br><br>**Opinion and Order** |

Plaintiff Gabriella M. Covington, as personal representative of the Estate of Mary Alice Covington, filed breach of contract and bad faith claims against Defendant Transamerica Life Insurance Company ("Transamerica") and negligence and wrongful death claims against Transamerica and Defendant Susan H. Hancock ("Hancock"), in the Court of Common Pleas, County of Colleton, on October 20, 2023. (ECF No. 1-1 at 4-15.) Transamerica timely removed the case to federal court. (ECF No. 1.) On November 16, 2023, Plaintiff filed a motion to remand on the basis that diversity of citizenship amongst the parties does not exist. (ECF No. 8.) Transamerica filed a response in opposition (ECF No. 13), to which Plaintiff replied. (ECF No. 14.) Accordingly, this matter is now ripe for consideration.

## DISCUSSION

As the party invoking the Court's jurisdiction, Transamerica bears the burden of establishing that the case was properly removed from state court. *Mulcahey v. Columbia*

*Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see also Bennett v. Bally Mfg. Corp.*, 785 F. Supp. 559, 560 (D.S.C. 1992). The Court should strictly construe removal jurisdiction because it "raises significant federalism concerns." *Mulcahey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)); *see also S.C. v. Boehringer Ingelheim Roxane, Inc.*, No. 3:07-cv-00665-CMC, 2007 WL 1232156, at *1 (D.S.C. Apr. 26, 2007). Doubts as to the Court's jurisdiction should weigh in favor of remanding to state court. *Mulcahey*, 29 F.3d at 151.

Here, Transamerica claims that federal jurisdiction is proper pursuant to 28 U.S.C. § 1332. Under 28 U.S.C. § 1332, federal district courts have original jurisdiction over any claim where the parties are diverse and the amount in controversy requirement is met. Although Plaintiff's amended complaint does not specify an amount-in-controversy, the Court is satisfied that the relief she seeks[1] under the long-term care insurance policy and to recover for the wrongful death of Mary Alice Covington meets the $75,000 amount-in-controversy requirement. *See Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-CV-01739-JMC, 2011 WL 494395, at * 1-2 (D.S.C. Feb. 4, 2011) (noting that district courts in South Carolina have required moving defendants to show that the amount-in-controversy requirement was satisfied either to a legal certainty or to a reasonable probability). Plaintiff also seeks punitive damages*. See Am. Health & Life Ins. Co. v. Heyward*, 272 F. Supp. 2d 578, 581 (D.S.C. 2003) (stating that "punitive damages . . . must be included in the calculation of the amount in controversy"). Accordingly, the only question this Court must answer to determine whether removal was proper is whether the parties are diverse.

---

[1] *See* ECF No. 1 at 11-12.

2

Plaintiff and Hancock are alleged to be residents of South Carolina. Transamerica is alleged to be a foreign resident. The absence of complete diversity amongst the parties is generally fatal to a diversity case because the district court would lack jurisdiction. However, under the doctrine of fraudulent joinder, the district court may effectively "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

A defendant alleging fraudulent joinder must show either that: (1) "there is no possibility that the plaintiff would be able to establish a cause of action" against the non-diverse party, or (2) there has been "outright fraud in the plaintiff's pleading of jurisdictional facts." *Hartley v. CSX Transp. Inc.,* 187 F.3d 422, 424 (4th Cir. 1999) (internal quotations, emphasis, and citation omitted). Here, Transamerica relies on the first element and maintains that the citizenship of Hancock should be disregarded for jurisdictional purposes because Plaintiff lacks any possible cause of action against Hancock, the non-diverse party. Thus, the question before the Court is whether Transamerica has shown that there is no possibility that Plaintiff could establish a claim against Hancock in state court. Contrary to Plaintiff's assertion, "[i]n making this determination, [the Court] is not bound by the allegations in the pleadings and may consider the entire record." *Caughman v. Atrium Fin. I, LP*, 574 F. Supp. 3d 316, 319 (D.S.C. 2021) (considering "the complaint, memoranda filed by counsel for the parties, and affidavits relevant to the jurisdictional issue") (citing *AIDS Counseling & Testing Ctrs. v. Grp. W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990)). Thus, to consider the question of whether the fraudulent joinder doctrine is applicable here, the Court will consider the complaint, memoranda filed by

counsel for the parties, and affidavits relevant to jurisdictional issues and will resolve all issues of law and fact in the plaintiff's favor. *Hartley*, 187 F. 3d at 425-26. Further, the Court is mindful of that fact that "ultimate success is not required to defeat removal. Rather, there need be only a slight possibility of a right to relief. Once the court identifies this glimmer of hope for [P]laintiff, the jurisdictional inquiry ends." *Id.* at 426.

Plaintiff asserts a cause of action against Hancock for negligence. The elements of a South Carolina negligence claim are "(1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) damage proximately resulting from the breach of duty." *Charleston Dry Cleaners & Laundry, Inc. v. Zurich Am. Ins. Co.*, 586 S.E.2d 586, 588 (S.C. 2003) (citation omitted). Transamerica contends that Plaintiff cannot possibly hold Hancock liable for negligence. It relies on *Charleston Dry Cleaners*, wherein the South Carolina Supreme Court declined to hold that independent adjusters owed insureds a "general duty of due care" in their handling of first-party insurance claims. 586 S.E.2d at 588-89. Transamerica contends that the holding in *Charleston Dry Cleaners* applies here, arguing that the role of an independent insurance adjuster is analogous to the role of an independently contracted practical nurse, as both are conducting an assessment to assist with the determination of an insurance benefits claim pursuant to their respective contract with a third party. (*See* ECF No. 1 at 10 ("Ms. Hancock stands in the identical position as the independent insurance adjuster in *Charleston Dry Cleaners*. For this reason, it is impossible for the Plaintiff to maintain a negligence claim against Ms. Hancock.").)

Plaintiff, of course, disputes this and claims that Hancock's assessment was conducted pursuant to Department of Insurance regulation, S.C. Code Reg. 69-44, §

4

29(E), which "does not permit insurers to conduct such assessments via adjusters."[2] (ECF No. 8-1 at 2.) This regulation provides that:

> Assessments of activities of daily living and cognitive impairment shall be performed by licensed or certified professionals, such as physicians, nurses or social workers.

S.C. Code Reg. 69-44, § 29(E). Thus, Plaintiff claims that the role of an insurance adjuster is not analogous to the role of a professional practical nurse performing an assessment under Regulation 69-44, § 29(E). Plaintiff argues that the instant facts do "not implicate non-professional activities such as the denial of a claim by rejecting a sworn proof of loss as in *Charleston Dry Cleaners*." (ECF No. 8-1 at 7-8.) Moreover, Plaintiff notes that Hancock was subject to a nursing standard of practice when she performed the assessment of Mary Alice Covington.

Plaintiff relies on *South Carolina State Ports Auth. v. Booz-Allen & Hamilton, Inc.*, 346 S.E.2d 324 (1986), for the proposition that consultants may be liable in negligence to non-contracting parties who have reasonably relied upon their reports in taking action. *Id*. at 326 (stating when a consulting firm is hired by an entity to critique that entity's competitors for marketing purposes, the consulting firm has a duty to exercise due care and accurately report factual data about the competitors).

Plaintiff also relies on *Shaw v. Psychemedics Corp.*, 826 S.E.2d 281 (2019), where more recently, the South Carolina Supreme Court held that an independent drug testing laboratory owed a duty of care to the non-contracting employee "so as to give rise to a cause of action for negligence for failure to properly and accurately perform the test and

---

[2] Transamerica appears to dispute this assertion, stating that "insurance adjusters are also professionals that must be licensed with the state of South Carolina" and citing to Chapter 47 of the South Carolina Insurance Code, S.C. Code Ann. § 38-47-10. (ECF No. 13 at 8.)

5

report the results." *Id.* at 282. The court explained that "if the laboratory is negligent in testing the employee's specimen, it is foreseeable that the employee will likely suffer a direct economic injury." *Id.* at 283-84. Without the recognition of a duty, the injured employee would be left without redress. *Id.* Finally, the court noted that the recognition of a duty in this context "advances a major policy goal of tort law: deterrence." *Id.* at 284.

After review, it is evident that none of these cases "squarely hold that" there is or is not potential liability for Hancock under the disputed facts of this case. *Hartley*, 187 F.3d at 424. A South Carolina court may or may not rely on the principles set forth in *Charleston Dry Cleaners* to conclude that Hancock, an independently contracted licensed *practical nurse*, has no independent duty of care to Plaintiff when conducting an assessment to be used by an insurance company for purposes of evaluating an insurance claim. This Court could hazard an educated guess about what a South Carolina court may do here under the disputed facts of this case, but that is exactly what the Fourth Circuit instructs district judges not to do when state law is not clear. *See id.* at 425 (concluding that the district court describing the case as "novel" and saying that other courts might look at it differently should have led the district court to "resolve[ ] its doubts in favor of remanding the case to state court"). Thus, the Court holds that Transamerica has not carried its burden of showing "that that there is no possibility that [Plaintiff] would be able to establish a cause of action against [Hancock] in state court." *Id.* at 424. Because it is possible that she could establish a claim against Hancock, that ends the inquiry, and the case must be remanded. *Id.* at 426.

At the conclusion of her motion, Plaintiff notes that the Court may consider awarding her attorneys' fees and costs incurred as a result of Transamerica's removal.

(ECF No. 8-1 at 8.) The Supreme Court has explained that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005); *see also Client Prot. Fund of Bar of Md. v. Hollis*, 412 F. App'x 597, 597 (4th Cir. 2011). While the Court declines to accept jurisdiction based on Transamerica fraudulent joinder claim, it finds that it was not objectively unreasonable for Transamerica to press it in this Court and that Transamerica removed this case in good faith. Therefore, the Court declines to award fees and costs to Plaintiff.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand (ECF No. 8). This case is hereby **REMANDED** to the Court of Common Pleas for Colleton County, South Carolina.

**IT IS SO ORDERED.**

/s/ *Bruce Howe Hendricks*
United States District Judge

May 13, 2024
Charleston, South Carolina